**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAM PAUL BLOMDAHL,

    Plaintiff-Appellant,

  v.

JAFFE, Dr. (CHS) - County Health Services
Doctor at Psychiatric Unit 3 (MCSO); et al.,

    Defendants-Appellees.

No. 20-17321

D.C. No. 2:19-cv-00227-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner Adam Paul Blomdahl appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations while he was a pretrial detainee. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2018).  We affirm.

The district court properly granted summary judgment on Blomdahl's conditions-of-confinement claim because Blomdahl failed to bring this claim within the applicable statute of limitations or establish a basis for equitable tolling. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (under federal law, which determines accrual, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *see also* Ariz. Rev. Stat. Ann. § 12-542(1) (two-year statute of limitations for personal injury claim); *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (unsound mind equitable tolling may not be established by "conclusory averments" but rather requires the plaintiff to set forth "hard evidence").

The district court properly granted summary judgment on Blomdahl's excessive force claim because Blomdahl failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 638, 641-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing

limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion by denying Blomdahl's motion for appointment of counsel because Blomdahl failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Blomdahl's motion to stay and motion relating to discovery. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (the district court has broad discretion to permit or deny discovery, and "its decision to deny discovery will not be disturbed except upon the clearest

showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**